IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DOCKET

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>v.<br><br>**KAABA MAJEED,**<br>**YUNUS RASSOUL,**<br>  **a.k.a. YUNUS RASSOULL,**<br>**JAMES STATON,**<br>  **a.k.a. ADAM WINTHROP,**<br>**RANDOLPH RODNEY HADLEY,**<br>**DANIEL AUBREY JENKINS, and**<br>**DANA PEACH,**<br><br>**Defendants.** | **Case No. 2:21-cr-20060-JAR** |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties hereby jointly propose the following final jury instructions – in addition to the

Court's standard jury instructions – subject to any issues that may arise during trial.

\*\*\*

1

INSTRUCTION NO. X

**<u>Offense Instruction – Count One</u>**
**<u>(Conspiracy to Commit Forced Labor)</u>**[1]

Count One of the Indictment charges the defendants with Conspiracy to Commit Forced

Labor in violation of Sections 371 and 1589, Title 18, United States Code.  For you to find each

defendant guilty of this crime, you must be convinced that the United States has proved each of

the following beyond a reasonable doubt:

*First*: At some point between on or about October 28, 2000, and on or about November 30, 2012, the defendant agreed with at least one other person, whether a charged defendant or not, to violate federal law—namely, the crime of forced labor as described in 18 U.S.C. § 1589, as charged in the Indictment, and as I will explain and define to you in jury instruction X;

*Second*: one of the conspirators engaged in at least one overt act furthering the conspiracy's objectives;

*Third*: the defendant knew the essential objectives of the conspiracy, as alleged in paragraphs 1-18 of the Indictment;

*Fourth*: the defendant knowingly and voluntarily participated in the conspiracy; and

*Fifth*: there was interdependence among the members of the conspiracy—that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

---

[1] Tenth Circuit Pattern Criminal Jury Instruction 2.19 (2021); *see United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 46-47 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008); *United States v. Chaudhri*, No. 3:19-cr-85, ECF 223, Jury Instructions at 25 (E.D. Va. 2022).

INSTRUCTION NO. X

**Conspiracy—Membership in an Agreement[2]**

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of the other member. The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding. Once a person becomes a member of a conspiracy, he is held legally responsible for the acts of the other members done in furtherance of the conspiracy, even though he was not present or aware that the acts were being committed.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must next determine whether the defendant was a member of that conspiracy, that is, whether the defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. The law does not require proof that the defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role. A defendant's financial stake, if any, in the venture is a factor that may be considered in determining whether a conspiracy existed. On the other hand,

---

[2] Tenth Circuit Pattern Criminal Jury Instruction 2.87 (2021); *see United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 49 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008).

proof is not sufficient if it merely shows that the defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his or her actions constituted an essential and integral step toward the realization of that purpose.

INSTRUCTION NO. X

**Conspiracy—Existence of a Conspiracy**[3]

In determining whether the conspiracy charged in Count 1 of the Indictment existed, you should consider the actions and statements of the defendants which were done to carry out an apparent criminal purpose, together with any reasonable inferences to be drawn from such evidence. Proof concerning the accomplishments of the objects of a conspiracy may be considered as evidence of the existence of the conspiracy itself. The offense of conspiracy is complete when the unlawful agreement is made and any single overt act to effect the object of the conspiracy is thereafter committed by a member of the conspiracy. It is not necessary for the government to prove that the defendants actually succeeded in accomplishing their unlawful plan.

---

[3] *See United States v. Kaufman*, No. 5:04-cr-40141, ECF 305, Jury Instructions at 50 (D. Kan. Nov. 3, 2005), *affirmed*, 546 F.3d 1242, 1259-63 (10th Cir. 2008).

INSTRUCTION NO. X

**<u>Overt Act</u>**[4]

The government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the Indictment, for the purpose of furthering or helping to achieve the objective(s) of the conspiracy.

The Indictment alleges certain overt acts. The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal. Also, the government does not have to prove that a defendant personally committed any of the overt acts. The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the Indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective(s) of the conspiracy.

---

[4] *See* Third Circuit Pattern Jury Instruction 6.18.371F (2021).

INSTRUCTION NO. X

**Charged Period and Duration[5]**

Although Count One of the Indictment charges that the conspiracy existed from on or about October 28, 2000 and continued through November 30, 2012, it is not essential that the government prove that the conspiracy started or ended on or about those specific dates, except that the government must prove beyond a reasonable doubt that the conspiracy alleged in Count One continued on or after October 21, 2011, unless it involved the sexual or physical abuse, or kidnapping, of a child under the age of 18.  It is sufficient if you find that the charged conspiracy was formed or existed for some time within the period set forth in the Indictment and you find beyond a reasonable doubt that the offense either continued on or after October 21, 2011, or involved the sexual or physical abuse, or kidnapping, of a child under the age of 18.  In the event that you find that the offense did not involve the sexual or physical abuse, or kidnapping, of a child under the age of 18, then the government must convince you beyond a reasonable doubt that at least one overt act was committed for the purpose of advancing or helping the conspiracy on or after October 21, 2011.

Additionally, the defendants cannot be found guilty by you solely on evidence of acts that occurred prior to October 28, 2000.

---

[5] *See* Sixth Circuit Pattern Jury Instruction 3.04 (2023); *United States v. Piette*, 45 F.4th 1142, 1163 (10th Cir. 2022); *United States v. Marcus*, 628 F.3d 36, 43-44 (2d Cir. 2010); *United States v. Wood,* No. 1:16-cr-271, ECF 91, Jury Instructions at 24 (D. N.J. Jan. 5, 2017).

INSTRUCTION NO. X

**Aiding and Abetting[6]**

Counts Two through Eight of the Indictment also charge a violation of Section 2, Title 18, United States Code, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: every element of the charged crime as outlined in Instruction X was committed by someone other than the defendant, and

Second: the defendant intentionally associated himself or herself in some way with the crime and intentionally participated in it as he or she would in something he or she wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

---

[6] Tenth Circuit Pattern Criminal Jury Instruction 2.06 (2021).

INSTRUCTION NO. X

**Attempt**[7]

In Counts Two through Eight of the Indictment, the defendants are also charged with attempting to commit the crime of forced labor in violation of Section 1594(a), Title 18, United States Code,   It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States.  In this case, in Counts Two through Eight, the defendants are charged with committing forced labor and attempting to commit forced labor.

A defendant may be found guilty of attempting to commit a crime, even though he did not do all the acts necessary in order to commit the crime.  However, a defendant may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

For you to find a defendant guilty of attempting to commit the crime of forced labor, as I have defined the crime earlier, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

*First*: The defendant intended to commit the crime of forced labor; and

*Second*: That the defendant took a substantial step towards the commission of that crime.

A "substantial step" is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime.  The step must be a strong indication of the defendant's criminal intent and must unequivocally mark the defendant's acts as criminal.  It should demonstrate commitment to the crime charged.

---

[7] Tenth Circuit Pattern Criminal Jury Instruction 1.32 (2021).

INSTRUCTION NO. X

**Sexual or Physical Abuse, or Kidnapping, of a Child**

The government contends that Conspiracy to Commit Forced Labor, as charged in Count One of the Indictment, and Forced Labor, as charged in counts Two, Three, Four, Six, Seven, and Eight of the Indictment, involved the sexual or physical abuse, or kidnapping, of a child under the age of 18 years.

On the verdict form, only if you have found a defendant guilty of one of these counts, you will be asked to determine if each of the offenses charged in the Indictment involved the sexual or physical abuse, or kidnapping, of a child under the age of 18 years. For a defendant to be involved in the sexual or physical abuse, or kidnapping, of a child, he or she must have either personally sexually or physically abused, or kidnapped, a child, or he or she must have been aware of the child's sexual or physical abuse, or kidnapping, and aided and abetted the perpetration of the abuse or kidnapping. Aiding and abetting have been previously defined at Instruction X.

The term sexual abuse includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children.[8]

As used above, sexually explicit conduct means the actual or simulated sexual intercourse, including sexual contact in the matter of genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex. Sexual contact means the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner

---

[8] 18 U.S.C. § 3509(a)(8).

thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire in any person.[9]

The term physical abuse means to physically hurt, damage, or injure another, and can include maltreatment that causes or threatens to cause lasting harm.[10]

Kidnapping occurs when one unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person.[11]

As used above in the definition of kidnapping, inveigles means to entice, lure, or lead astray, by false representations or promises, or by other deceitful means.

Respectfully submitted,

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: */s/ Ryan J. Huschka*
Ryan J. Huschka
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS 66101
Phone:  913-551-6730
Fax:  913-551-6754
Email:  Ryan.Huschka@usdoj.gov
KS Bar No. 23840

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

By: */s/ Kate A. Alexander*
Kate A. Alexander
Trial Attorney

---

[9] 18 U.S.C. § 3509(a)(9).
[10] *See* Black's Law Dictionary, (11th ed. 2019); Abuse, Injury.
[11] 18 U.S.C. § 1201

USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-353-3539
Email:  Kate.Alexander@usdoj.gov
FL Bar No. 27393


By: */s/ Maryam Zhuravitsky*
Maryam Zhuravitsky
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-532-3592
Email:  Maryam.Zhuravitsky@usdoj.gov
MD Bar No. 1312190348

By: */s/ Francisco Zornosa*
Francisco Zornosa
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-616-4588
Email:  Francisco.zornosa@usdoj.gov
NY Bar No. 5477245

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the

Court's CM/ECF system, which automatically notifies the parties and counsel of record.

July 11, 2024

*/s/ Ryan J. Huschka*
Ryan J. Huschka
Assistant United States Attorney
