IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DOCKET

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>            **Plaintiff**,<br><br>      v.<br><br>**KAABA MAJEED,**<br>**YUNUS RASSOUL,**<br>**JAMES STATON,**<br>**RANOLPH RODNEY HADLEY,**<br>**DANIEL AUBREY JENKINS,**<br>**DANA PEACH, and**<br>**JACELYN GREENWELL,**<br><br>            **Defendants.** | Case No. 2:21-cr-20060-JAR |

<u>**GOVERNMENT'S PROPOSED VOIR DIRE**</u>

The United States, by and through Trial Attorneys Kate Alexander, Maryam Zhuravitsky, and Francisco Zornosa, and Assistant United States Attorney Ryan Huschka hereby propose the following voir dire questions, in addition to any standard questions typically asked by the Court:

a. *Prior Knowledge of and General Nature of the Case*

1. Have any of you ever read or heard of this case from any source whatsoever? If so, have you formed an impression or opinion as to the merits of this case? Would that opinion prevent you from maintaining an open and impartial mind until all of the evidence is presented, and the instructions of the Court are given?

2. A few minutes ago, you heard me list the charges and time period involved in this case. Is there anything in that brief description that made you realize it would be difficult for you to keep an open mind, follow my instructions, and to serve as a fair and impartial juror in the trial of this case?

1

b. *Prior Knowledge of the Court, Parties, Defendant, or Witnesses*

3. I am the judge who will be presiding during the trial of this case. Do any of you know me or any member of my family or my judicial staff?

4. Do you know anyone else in the panel of prospective jurors? Would that relationship affect your ability to be fair and impartial and to consider the evidence individually?

c. *Prior Knowledge of Persons Employed by the Court, U.S. Attorney's Office, or Defense Counsel*

5. Are you, any member of your family, or any of your close friends related to any judge, law clerk, or court personnel of this federal Court, the United States District Court for the District of Kansas?

6. Do you know any employee of the United States Attorney's Office?

7. Do you know anyone employed by the Federal Public Defenders Office, or anyone in any way associated with that office?

8. Do you know any of the defense attorneys involved in this case or anyone who works at their law firms?

d. *Prior Legal Disputes*

9. Have you or has any member of your family, or your close friends, ever been involved in a legal dispute with the United States, with a law enforcement agency, or with any specific law enforcement officer or agent?

    a. Is there anything about that experience that would make it difficult for you to give the parties a fair and impartial hearing or from following the instructions I give you at the end of the case?

10. Are you presently a plaintiff or defendant in any case (civil or criminal) pending in this Court, or any other federal or state court? Have any of you ever been a plaintiff or defendant in any case (civil or criminal) that was filed in this Court, or any other federal or state court?

11. Is there anything about that experience that would make it difficult for you to give the parties a fair and impartial hearing or from following the instructions I give you at the end of the case?

12. Have you, any relatives, or close friends had an experience with domestic violence or child abuse? If so, what was the experience?

    a. How long did the abuse last? Why do you think that it lasted that long?

13. Has anyone been accused of domestic violence or child abuse? Who accused you? What were the circumstances?

e. *Prior Involvement with Criminal Justice and Court System*

14. Have you, or any member of your family, or a close friend ever been accused of a crime, convicted of a crime, or been the subject of a criminal investigation?

15. Have you, or any member of your family, or a close friend ever been a witness to a crime?

16. Have you, or any member of your family or a close friend ever been a witness for the prosecution or the defense in a criminal case?

17. Is there anything about those experiences that would make it difficult for you to give the parties a fair and impartial hearing or from following the instructions I give you at the end of the case?

18. Have you or your close friends or family had experiences with law enforcement or the legal system, whether positive or negative, that will impact your ability to be fair or impartial in this case?

*f. Prior Jury Service*

19. Have you served on a jury in a state or federal criminal case?

20. What was the nature of that case?

21. Without telling us the verdict, did the jury reach a verdict in that case?

22. Have you served on a jury in a state or federal civil case?

23. Without telling us the verdict, did the jury reach a verdict in that case?

24. Have you ever served as a grand juror in either state or federal court?

25. If you previously sat as a juror, the law governing charges and proceedings in this case may be different than that which governed your prior service. Is there anything about your prior service that will prevent you from applying the law as I instruct you in this case, even if it is different than what you heard in your prior service?

26. If you previously sat as a juror, did you act as foreperson?

*g. Prior Legal Training or Experience*

27. Have you, any member of your family or any close friend, ever attended law school, studied the law or criminal justice, or had legal training?

28. If so, would that affect your ability to be fair and impartial if you were selected as a juror in this case?

29. If you have developed any preconceived notions of the law, either based on your own experiences or the experiences of family or a close friend, will you be able to set those notions aside and follow instructions as given to you by the Court?

*h. Personal Beliefs*

30. Does anyone on the panel, because of philosophical, cultural, moral, religious or other beliefs, feel that you could not stand in judgment of another individual, or would otherwise have difficulty being a juror in a case such as this?

31. You will hear evidence that all of the defendants and the complaining witness were part of a religious organization. Do you have strong feelings, positive or negative, about those who practice religious beliefs?

32. Would those feelings in any way impact your ability to be fair and impartial in this case?

33. Do you have any reservations or views concerning the administration of the criminal justice system, including the courts, that would affect your ability to render a fair and impartial verdict if you were selected to serve as a juror in this case?

34. Have you, a member of your family, or a close friend ever belonged to an organization or group opposed to law enforcement or law enforcement agencies?

35. Do you have any views in support of or opposed to law enforcement?

    a. If so, what are they?

    b. Would any of your views on law enforcement prevent you from fairly hearing a case in which law enforcement officers might testify?

36. Do you have any views opposing the federal government and its involvement in the investigation and prosecution of federal crimes?

37. Does anyone on the panel believe the judicial system in general is unfair? Would these feelings prevent you from being fair and impartial in this case?

*i. Perception of and Experience with Law Enforcement*

38. Would you tend to give lesser or greater weight to the testimony of a law enforcement officer or agent simply because that person was a law enforcement officer or agent?

39. This case was primarily investigated by the Federal Bureau of Investigation. Do you have any reservations about the Federal Bureau of Investigations which would interfere in any way with your ability to judge the testimony of a law enforcement witness fairly and impartially?

*j. Charged Crimes*

40. This case involves the charge of forced labor, which I will explain to you later in the trial. Do you have strong feelings about forced labor – whether positive or negative – that will prevent you from being fair and impartial in this case?

41. Do you have any preconceived notions about the definition and meaning of forced labor?

42. Will those notions prevent you from listening to and applying my definition of forced labor even if it does not align with your notions of what forced labor means?

43. Does anyone believe that a person cannot be forced or coerced by another to work against his or her will?

44. Do you believe that a person cannot be forced to work for another person unless there is physical abuse? If you believed that forced labor required the use of physical force, for instance, are you able to put aside that preconceived notion and follow the Court's instructions?

45. Do you believe a person can force another person to do work with nonviolent coercion including psychological, reputational, or financial harm?

46. Do you believe that a person cannot be forced to work for another person unless they are physically restrained?

47. Do you believe a person can be forced or coerced by another even if the person has opportunities to escape?

48. Do you believe there are valid reasons a person would stay in an abusive situation despite having the opportunity to leave?

49. If someone forced or coerced the labor of a minor child, do you think that only that child's parent would be to blame for putting the child in that situation?

l. *Questions Regarding General Obligations of Sitting Jurors*

50. At the end of the trial, I will instruct the jury on the law that they must follow as they decide this case. Jurors must follow the court's instructions on the law, even if they personally do not agree with the law as the Court describes it. If a juror has an opinion about what the law should be, but that opinion is different from the judge's instructions on what the law is, the juror is required to follow the judge's instructions. If selected to serve as a juror, would you be unable or unwilling to follow my instructions on the law, even if you personally did not agree with the law as it is described by the Court? If you had an opinion on what the law should be, and your opinion was different from the Court's instructions on what the law is, would you refuse or even hesitate to follow the Court's instructions?

n. *Miscellaneous Concerns Regarding Service*

51. Is there anything else—something that I have already asked you about or something that I have not asked you about—that, upon reflection, you believe would interfere with your ability to serve as a fair and impartial juror in this case?

Respectfully submitted,

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: */s/ Ryan J. Huschka*
Ryan J. Huschka
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS 66101
Phone: 913-551-6730
Fax: 913-551-6754
Email: Ryan.Huschka@usdoj.gov
KS Bar No. 23840


KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

By: */s/ Kate A. Alexander*
Kate A. Alexander
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone: 202-353-3539
Email: Kate.Alexander@usdoj.gov
FL Bar No. 27393


By: */s/ Maryam Zhuravitsky*
Maryam Zhuravitsky
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone: 202-532-3592
Email: Maryam.Zhuravitsky@usdoj.gov
MD Bar No. 1312190348

By: */s/ Francisco Zornosa*
Francisco Zornosa
Trial Attorney
USDOJ Civil Rights Division

                   950 Pennsylvania Avenue NW
                   Washington, D.C. 20530
                   Phone:  202-616-4588
                   Email:  Francisco.zornosa@usdoj.gov
                   NY Bar No. 5477245

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

July 11, 2024

/s/ *Ryan J. Huschka*
RYAN J. HUSCHKA
*Assistant United States Attorney*
