UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     Plaintiff,<br><br>v.<br><br>KAABA MAJEED,<br>YUNUS RASSOUL,<br> a.k.a. YUNUS RASSOULL,<br>JAMES STATON,<br> a.k.a. ADAM WINTHROP,<br>RANDOLPH RODNEY HADLEY,<br>DANIEL AUBREY JENKINS, and<br>DANA PEACH,<br>     Defendants. | Case No. 21-20060-JAR |

**GOVERNMENT'S OBJECTIONS TO DEFENDANTS'
PROPOSED JURY INSTRUCTIONS**

  The United States of America, by and through undersigned counsel, respectfully submits these objections to the defendants' proposed jury instructions.

  **I. RELEVANT BACKGROUND**

  On July 11, 2024, the government and defendants filed jointly proposed jury instructions. (Doc. 337.)  The government also filed proposed jury instructions that the parties did not agree upon.  (Doc. 338).  Separately, the defendants filed proposed jury instructions and an accompanying memorandum of law.  (Docs. 334, 335, 341).  The government will address each of the defendants' proposed instructions in turn.

1

## II. ANALYSIS

### A. Defendants' Proposed Instruction Regarding Interdependence Element is Not Appropriate Within the Acts and Statements of Co-Conspirators Instruction and Is Already Addressed in the Conspiracy Offense Instruction.

The defendants propose to add one sentence within the Acts and Statements of Co-Conspirators Jury Instruction regarding the "interdependence" element of the crime of conspiracy. *See* Doc. 241. However, the Tenth Circuit Criminal Pattern Jury Instruction as submitted in the government's and defendants' jointly agreed and proposed instruction already addresses the issue of interdependence that is unique to the Tenth Circuit. *See* Doc. 337, p. 2 ("*Fifth:* there was interdependence among the members of the conspiracy—that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged."). The Acts and Statements of Co-Conspirators instruction does not deal with the elements of the crime of conspiracy, but rather merely addresses how the jury can consider acts and statements of co-conspirators. The addition of a statement regarding interdependence as requested by the defendants is therefore unnecessary and out of place. Further, adding a definition regarding interdependence within the acts and statements jury instruction would be confusing and misleading for the jury, as interdependence is not even mentioned within the instruction. Finally, the definition is different from the definition in the Tenth Circuit Criminal Pattern Jury Instructions, which already sufficiently instruct the jury on the required element of interdependence.

### B. Defendants' Proposed Instruction Regarding Implicit Bias Is Not Required and Not Warranted Under the Facts of this Case.

Defendants also request an instruction on implicit bias; however, they cite no authority in support of their request, nor do they cite where the language of the requested instruction can be found. Indeed, the language of the requested instruction is particularly troublesome. First, the instruction presumes that the jurors, who have been passed for cause, have biases that were not weeded out in voir dire. Second, jurors are not instructed to make decisions on "individual facts." They are to consider the facts in totality and may draw reasonable inferences from those facts. The wording of the proposed instruction appears to contradict that approach and proscribe "reasonable inferences" by casting them as "jumping to conclusions" and suggesting that a reasonable inference might be "reliance on unintended stereotypes." Third, the language of the instruction implies that the opinions of other jurors should be given more weight based on "different backgrounds and perspectives." The instruction to "try taking another perspective" improperly and expressly directs the jurors to toss aside their own views of the facts and affirmatively adopt a different or contrary view. This invades the province of the jury's factual consideration. There is nothing in the law that requires a juror to "try taking another perspective" if they are firmly convinced of guilt or innocence. Finally, the phrase "influenced by unintended stereotypes or associations" is so vague as to make it meaningless. The better way for "unintended stereotypes" to be addressed is through closing argument.

"As a general rule, instructions on how to assess evidence are particularly matters of trial-court discretion, because they are directed to guiding the jurors' common sense in the context of the case rather than informing them of the governing law." *United States v. John*, 849 F.3d 912,

918 (10th Cir. 2017). "The purpose of jury instructions is to give jurors the correct principals of law applicable to the facts so that they can reach a correct conclusion as to each element of an offense according to the law and the evidence." *United States v. Freeman*, 70 F.4th 1265, 1280 (10th Cir. 2023) (quoting *United States v. Kahn*, 58 F.4th 1308, 1317 (10th Cir. 2023)). An additional "instruction is not required if it would simply give the jury a clearer understanding of the issues." *United States v. Bowling,* 619 F.3d 1175, 1184 (10th Cir. 2010) (internal quotation marks omitted). And, of course, the court can reject an instruction that misstates the law. *See United States v. Pinson,* 542 F.3d 822, 831 (10th Cir. 2008).

Several cases have held that a district court did not abuse its discretion by not giving an implicit bias jury instruction. *See United States v. Maxwell*, 89 F.4th 671, 679-80 (8th Cir. 2023) (holding district court did not abuse discretion in denying proposed implicit bias instruction); *United States v. Sawyers*, 740 F. App'x 585, 2018 WL 5291203 (9th Cir. 2018) (same); *United States v. Graham*, 680 F. App'x 489, 492-93 (8th Cir. 2017) (same). Additionally, implicit bias issues are generally reserved for crimes involving defendants and victims of different racial or ethnic groups. *See Rosales-Lopez v. United States*, 451. U.S. 182, 192 (1981) (holding federal trial courts must make a voir dire inquiry into racial or ethnic prejudice when requested by a defendant accused of a violent crime and where the defendant and victim are members of different racial or ethnic groups.) The Tenth Circuit Criminal Pattern Jury Instructions are sufficient to address concerns that jurors would base their decision on anything other than the law and the facts. Therefore, the Court should deny defendant's request for an implicit bias jury instruction.

### C. Defendants' Proposed "By Means Of" Instructions Are Not Correct Statements of the Law and the Court's Prior Rulings Foreclose This Instruction.

In their request for an instruction that defines the phrase "by means of," the defendants essentially ask the Court to add a but/for causation requirement to the elements of forced labor. This Court has already rejected such argument previously. *See* Doc. 317. In requesting such an instruction, the defendants rely on *United States v. Kalu*, and argue that *Kalu* supports their argument that the language of 18 U.S.C §1589 and the definition of "serious harm" requires but/for causation. 791 F.3d 1194 (10th Cir. 2015). Their reliance on *Kalu* is misplaced. *Id*. at 1211.

In *Kalu,* defendant was convicted of forced labor, among other charges. *Id*. at 1197. On appeal, the defendant argued that the jury instruction incorrectly defined "serious harm" because they substituted the word "caused" for "compelled," thereby lowering the burden for a forced labor conviction. *Id*. at 1211. The defendant contended that the definition of "compel" is narrower than the definition of "cause." *Id*. Thus, the court in *Kalu* had to determine whether the definition of "serious harm" was sufficient in light of the substitution of the word "caused" for "compelled." *Id*. The court looked not just at the definition of "serious harm" but at the instructions as a whole and held that the instructions were not erroneous. *Id*. at 1212. Contrary to the defendants' argument here for their suggested definition of the phrase "by means of," the *Kalu* court did not impose a higher burden on the government by ruling that the definition of serious harm or the elements of the crime of forced labor require but/for causation. The *Kalu* court merely held that the instructions as given were not plainly erroneous, and therefore defendants' reliance on *Kalu* is misplaced.

Defendants also cite *Muchira v. Al-Rawaf* in support of their request. 850 F.3d 605 (4th Cir. 2017). However, nothing in the holding or reasoning of that case supports defendants' argument. The *Muchira* case involved a civil action filed under the Trafficking Victims Protection Act (TVPA), alleging the forced labor of the victims by the defendants. The appellate court reviewed the district court's granting of summary judgment in favor of the defendants. Nothing in the record or opinion by the court addresses the issue raised by the defendants in this case. In fact, the opinion of the court contains a fulsome fact analysis of the victims' claims to determine whether they presented sufficient evidence to satisfy the statutory requirements. Thus, the *Muchira* case is neither instructive nor relevant to the Court's analysis in this case.

Finally, defendants cite to *Headley v. Church of Scientology Int'l*, another civil action brought under the TVPA, in support of their request for an instruction that requires the government to prove but/for causation. 687 F.3d 1173, (9th Cir. 2012). Defendants cite one line in an otherwise lengthy opinion and suggest such line supports their request that this Court impose a higher burden on the government than is otherwise required. It does not. Like in *Muchira*, the appellate court in *Headley* was deciding whether the lower court erred when it ruled that the ministerial exception barred the forced labor claims. *Id.* at 1179. In so doing, the court found that the record contained little evidence that the defendants obtained the labor "by means of" serious harm, threats, or other improper methods. *Id.* Thus, like *Muchira*, the *Headley* case is neither instructive nor relevant.

This Court is familiar with the *Kalu* and *Headley* cases in a similar context. The Court cited both cases in its ruling on government's motion in limine to admit evidence as direct and

intrinsic evidence. *See* Doc. 317.  In response to the government's motion, defendants argued that different types of evidence (e.g. physical abuse, sexual abuse and forced marriage, etc.) is only admissible if it is shown to be directly linked to obtaining labor.  *See* Doc 274.  The Court previously held that the defendants construed the statute too narrowly and that Section 1589 does not require a "quid pro quo" showing of nexus.  Doc. 317, p. 13.  In so ruling, this Court stated that the statute does not require the tight showing of a nexus between obtaining forced labor and the types of evidence objected to (e.g., physical abuse, forced marriage, emotional humiliation, etc.), but that the "government only must show a connection between the physical or psychological abuse, isolation, kidnapping, or threats imposed by [defendants] and the labor or services performed, or it must show a climate of fear that caused the victims to perform labor or services against their will." Doc. 317, p. 19, 24.  Here, the defendants make the same argument and ask this Court to impose on the government a higher burden than the law requires.  Therefore, the government requests that, consistent with its prior ruling on this issue, the Court decline to give such an instruction.

> **D. Defendants' Proposed Unanimity of Theory Instruction is Not Proper in This Case as the Court Has Previously Ruled the List of Alternative Ways to Violate Section 1589 are Means not Elements.**

In requesting the Unanimity of Theory Instruction, defendants attempt to relitigate the issue of means versus elements that was already decided by this Court.  *See* Doc. 206 p. 17-20.  The note for the Tenth Circuit Criminal Pattern Jury Instruction states that the Unanimity of Theory instruction "should be used when the government introduces evidence that the defendant has committed multiple acts which may constitute an element of the crime."  *See* Tenth Circuit

Criminal Pattern Instruction 1.24, at 37 (2011 Edition Updated February 2018) (UNANIMITY OF THEORY) (Use Note).  The Tenth Circuit clarified in *United States v. Kearn*, 863 F.3d 1299, 1303 (10th Cir. 2017), that "unanimity is only required for elements of a crime, not for means of satisfying a given element."  In *United States v. Sorensen*, the Tenth Circuit concluded that the district court erred in giving an Unanimity of Theory instruction on the means by which the jury found that the defendant satisfied a particular element of the charged offense.  801 F.3d 1217, 1237 (10th Cir. 2015); *see also Richardson v. United States*, 526 U.S. 813, 817-18 (1999) (distinguishing between a crime's elements and the various means of satisfying a particular element); *United States v. Weller*, 238 F.3d 1215, 1219-20 (10th Cir. 2001) (stating that a jury need not always agree on which of several means satisfies an element of the charged crime, but that a jury cannot convict unless it finds unanimously that each element of the crime has been proved); *United States v. Powell*, 226 F.3d 1181, 1194-95 (10th Cir. 2000) (holding that the trial did not commit reversible error by failing to instruct the jury that they must all concur on the means by which the defendant satisfied the crime's first element).

    Here, defendants take issue with the Court's previous ruling and argue that the Court erroneously decided that the alternative ways to violate Section 1589 are means, not elements.  *See* Doc. 206, 17-20.  The Court was correct in its prior ruling, and the government stands on its previously written and oral arguments on the issue of means versus elements.  Because this is an issue that has already been addressed and decided by the Court, the Unanimity of Theory instruction is improper and a misstatement of the law as it relates to Section 1589.  Therefore, this Court should deny defendants' request for such an instruction.

### III.   CONCLUSION

Based on the foregoing, the government respectfully requests this court deny defendants' requests for the proposed jury instructions.

                                    Respectfully submitted,

                                    KATE E. BRUBACHER
                                    UNITED STATES ATTORNEY

                                    By: */s/ Ryan J. Huschka*
                                    Ryan J. Huschka
                                    Assistant United States Attorney
                                    United States Attorney's Office for the
                                    District of Kansas
                                    500 State Avenue, Suite 360
                                    Kansas City, KS 66101
                                    Phone:  913-551-6730
                                    Fax:  913-551-6754
                                    Email:  Ryan.Huschka@usdoj.gov
                                    KS Bar No. 23840


                                    KRISTEN CLARKE
                                    ASSISTANT ATTORNEY GENERAL

                                    By: */s/ Kate A. Alexander*
                                    Kate A. Alexander
                                    Trial Attorney
                                    USDOJ Civil Rights Division
                                    950 Pennsylvania Avenue NW
                                    Washington, D.C. 20530
                                    Phone:  202-353-3539
                                    Email:  Kate.Alexander@usdoj.gov
                                    FL Bar No. 27393

                                    By: */s/ Maryam Zhuravitsky*
                                    Maryam Zhuravitsky
                                    Trial Attorney
                                    USDOJ Civil Rights Division
                                    950 Pennsylvania Avenue NW

Washington, D.C. 20530
Phone:  202-532-3592
Email:  Maryam.Zhuravitsky@usdoj.gov
MD Bar No. 1312190348

By: */s/ Francisco Zornosa*
Francisco Zornosa
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-616-4588
Email:  Francisco.Zornosa@usdoj.gov
NY Bar No. 5477245

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the above-captioned case.

                                            *s/ Ryan J. Huschka*
                                            RYAN J. HUSCHKA
                                            Assistant United States Attorney