IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-20060—02-JAR |
| ) | |
| YUNUS RASSOUL, ) | |
|    aka Yunus Rassoull ) | |
|       Defendant. ) | |

## YUNUS RASSOULL'S MOTION TO CONTINUE SENTENCING

**COMES NOW** Yunus Rassoull, by and through counsel Tricia A. Bath, and respectfully moves this Court for an Order continuing his sentencing from the current date of July 14, 2025, to a date to be determined by the Court. In support of his motion, Mr. Rassoull offers the following:

1. The current sentencing date is July 14, 2025, at 9:00 a.m. (Doc. 581);

2. Undersigned counsel, along with counsel for defendants Majeed, Staton, Hadley, Jenkins, and Peach, was notified of the July 14, 2025, sentencing date via ECF filing Doc. 581, a Docket Text Order dated April 9, 2025;

3. On that same date, counsel for defendant Staton sent an email to this Court's courtroom deputy, with a copy to government counsel, advising that both she and counsel for defendant Peach were scheduled to begin an 8-day trial in the District of Wichita on July 8, 2025, and would be unavailable for the announced sentencing date;

4. Shortly thereafter, on the same date, undersigned counsel sent an email to this Court's courtroom deputy, with copy to government counsel, advising that she was also unavailable for the announced sentencing date, further indicating that she was unavailable July 9th through July 25th. Undersigned

counsel did not communicate specific details of her unavailability at that time because the PSR in this case had not yet been disclosed and defense counsel was uncertain as to whether the announced sentencing date was actually a realistic date. For purposes of this motion, counsel now discloses the following details regarding her unavailability:

   a. Counsel is scheduled to be out of the country from July 9 through July 24, 2025;

   b. The trip is a long-planned family vacation for eight members of counsel's family that is scheduled around the end of a college credit medical employment program in Italy for one of counsel's children;

   c. This date has long been known to undersigned counsel;

   d. Undersigned counsel has paid for and personally planned the trip, the rescheduling of which is a near impossibility as it would involve the rescheduling of 15 trans-Atlantic flights, 8 other international flights, 3 domestic flights, villa stays in 3 cities, 20 hotel room nights in 3 other cities, pre-arranged group activities in 2 countries, and countless car, train, and ferry arrangements;

5. On May 13, 2025, in response to requests from multiple defendants for extension of time to submit objections, counsel for defendant Staton sent an email to counsel for the government (copied to all counsel), seeking to have a "broader discussion" regarding the sentencing date, reminding counsel for the government that 3 defense counsel had conflicts with the July 14 date, and suggesting that the parties "reach out to the Court, and find out when she has another week that she could allocate to this." To that email, counsel for

defendant Majeed responded with a suggestion that the parties may need to "revisit the July sentencing date." To those emails, counsel for the government responded (after apparently consulting with the PSR writer) that the government did not oppose a two-week extension for objections but would shorten its response time and had arranged with the PSR writer for her to shorten her response time, which would allow "everything to stay on track for sentencing." In that same response, AUSA Huschka, on behalf of the government, indicated an unwillingness to consent to moving the sentencing date "absent extraordinary circumstances" but further indicated that should the Court find that such circumstances exist, the government would request that the continuance be "no more than 3-4 weeks."

6. On May 14, 2025, AUSA Huschka, sent a similar message to the Courtroom deputy regarding the government's and probation's agreed accommodations regarding the motions to extend time for objections, which he assured the Court would "preserve the current schedule and sentencing date." He later forwarded the message to Chambers

7. Undersigned counsel's unavailability for the July 14, 2025, sentencing date presents this Court with extraordinary circumstances such that a continuance of the sentencing is warranted as to Mr. Rassoull.

8. Giving consideration to both the government's desire for any continuance to be brief, and the Court's desire to sentence all of the defendants who went to trial on the same date or during the same few days, undersigned counsel, has consulted with counsel for each of the trial defendants regarding their availability for the week of July 28 (the Monday immediately following her

return to the United States and just two weeks after the scheduled sentencing). Understanding that either the Court or the government may not be available, counsel for the trial defendants are available as follows:

    a. Defendant Majeed—Available week of July 28, 2025;

    b. Defendant Staton—Available week of July 28, 2025, beginning on July 29, 2025;

    c. Defendant Hadley—Available week of July 28, 2025;

    d. Defendant Jenkins—Available week of July 28, 2025, except July 30 and 31, 2025;

    e. Defendant Peach—Available week of July 28, 2025;

9. Giving consideration to sentencing *all* defendants who have been found guilty in this conspiracy on or near the same date, counsel has also inquired of counsel for the trial defendants as to their availability for the week of August 4, 2025, when defendants Kinard and Greenwell are presently set for sentencing. Their availability is as follows:

    a. Defendant Majeed—Available week of August 4, 2025, except August 6, 2025;

    b. Defendant Staton—Available August 4-6, 2025;

    c. Defendant Hadley—Available week of August 4, 2025;

    d. Defendant Jenkins—Available week of August 4, 2025;

    e. Defendant Peach—Available week of August 4, 2025;

10. This request is made out of necessity and not to harass or inconvenience the court or the parties and it is in the interest of justice that the same be granted.

**WHEREFORE**, for the reasons set forth herein, this Court should grant Mr. Rassoull's motion and issue an order continuing his sentencing to a date to be determined by the Court that is not prior to July 28, 2025.

Respectfully submitted,

*/s/ Tricia A. Bath*
Tricia A. Bath              #18024
**BATH & EDMONDS, P.A.**
4000 W 114th Street, Suite 210
Leawood, KS 66211
(913) 652-9800
Fax (913) 213-1849
E-mail: tricia@bathedmonds.com
**Attorney for Yunus Rassoull**

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all interested parties.

*/s/ Tricia A. Bath*

Tricia A. Bath              #18024
